**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

YA GLOBAL INVESTMENTS, LP )
f.k.a. Cornell Capital Partners, LP; )
YORKVILLE ADVISORS, GP LLC, Tax )
Matters Partner; YA GLOBAL )
INVESTMENTS, LP, f.k.a. Cornell )
Capital Partners, LP; YORKVILLE )
ADVISORS, LLC, Tax Matters Partner, )
　 )
　　　　Petitioners-Appellants )
　 ) No. 25-1766
　　　v. )
　 )
COMMISSIONER OF INTERNAL )
REVENUE, )
　 )
　　　　Respondent-Appellee )

**THE COMMISSIONER'S OPPOSITION TO THE MOTION
BY AMERICAN INVESTMENT COUNCIL FOR LEAVE TO FILE
AN UNTIMELY AMICUS BRIEF**

The Commissioner of Internal Revenue, appellee herein, hereby

opposes the March 9, 2026 motion by the American Investment Council

("AIC") for leave to file an untimely amicus curiae brief. The appellants

filed their brief on September 18, 2025, and the Commissioner filed his

answering brief on January 12, 2026. Appellants' reply brief was filed

on February 24, 2026.

1

As AIC admits (Mot. 4), its proposed amicus brief—filed after briefing closed—long ago missed the applicable deadline for amicus briefs in support of the appellants or neither party, which were due within seven days of the appellants' opening brief, or September 25, 2025. AIC's motion, filed on March 9, 2026, is therefore 165 days late.

The Commissioner has not had an opportunity to respond to any of the arguments that AIC seeks to make in its amicus brief. As a result, the Commissioner would be prejudiced if AIC were permitted to file its amicus brief out of time, and the Commissioner therefore requests that the Court deny AIC's motion. If this Court permits AIC to file its proposed brief, the Commissioner requests that this Court grant the Commissioner at least 30 days from the acceptance of the brief to file a responding brief. *See* Fed. R. App. P. 29(a)(6) (explaining that an order granting leave for the filing of an out-of-time amicus brief will also "specify [ ] the time within which an opposing party may answer").

## DISCUSSION

1.     This case arises from a partnership-level proceeding in Tax Court in which the court sustained the Commissioner's partnership-level adjustments to the partnership returns of YA Global Investment,

LP ("YA Global"), a foreign partnership, for the 2006 through 2009 tax years.  The underlying opinions on appeal were issued on November 15, 2023, and August 8, 2024.  A stipulated decision was entered on February 6, 2025.

This case raises complex issues of federal tax law regarding whether a foreign person can be treated as engaged in a U.S. trade or business based on financing activities conducted in the United States.  In addition, the record in this appeal is voluminous, spanning over 49,000 pages in 50 volumes and containing over 300 filings, nearly 1,600 exhibits and 10 volumes of trial testimony.  The parties' post-trial briefing in the Tax Court, including supplemental briefing in response to Tax Court orders addressing discrete topics, exceeded 1,500 pages.

Based largely on those grounds, this Court granted appellants and the Commissioner additional time to prepare their respective briefs, granted both parties an additional 2,000 words for their principal briefs, and granted appellants an additional 1,000 words for their reply brief.

2.    The parties have already completed briefing in this case. The appellants filed their opening brief on September 18, 2025. Pursuant to Fed. R. App. P. 29(a)(6), any amicus brief in support of

appellants or in support of neither party was due seven days later, *i.e.*, September 25, 2025. No third party—including AIC—sought the Court's permission or the Commissioner's consent to appear as amicus at that time, or at any time while briefing was ongoing. *See* Fed. R. App. P. 29(a)(2)-(3). The Commissioner filed his answering brief on January 12, 2026. Appellants filed their reply brief on February 24, 2026.

3.     AIC now seeks to file a brief, purportedly in support of neither party, over 5 months late and after the parties concluded briefing in this complex case. Although the Court may grant leave for such briefs out of time "[f]or good cause," Fed. R. App. P. 26(b), 29(a)(6), AIC has not provided a plausible explanation why it has good cause for its belated filing. The only reason AIC offers to excuse its untimeliness is its assertion that the Commissioner allegedly advanced new arguments on appeal that are inconsistent with those he made during the Tax Court litigation. (Mot. 4–5.) The Commissioner strongly disagrees with that characterization. In any event, AIC's assertion is not good cause for accepting its proffered brief. It is inherent in the 7-day deadline for filing an amicus brief in support of the appellant, or in

support of neither party (as AIC's brief purports to be), that an amicus will not know precisely what the appellee will argue until well after the amicus brief is due. That is a feature, not a bug, of Rule 29(a)(6)'s mandatory 7-day filing deadline. If an appellee has made an argument inconsistent with its prior positions—the only ground asserted here for excusing AIC's late filing—the appellant has every incentive to point that out in its reply brief.

Further, as AIC admits (Mot. 2, emphasis added), its proposed amicus brief "addresses two discrete aspects of the *Tax Court's opinion*"—which was issued well over a year ago. Indeed, even a cursory review of AIC's proffered brief establishes that its arguments are not directed at the Commissioner but focus on the Tax Court's analysis and determinations, which have been public since the issuance of the opinions on appeal. (Proffered Br. at 9-25.) If AIC believed that the Tax Court's analysis on issues of concern to AIC "contravene[ ] statutory authority, well-settled caselaw, and decades of agency interpretation" (Mot. 3), and if the consequences of the Tax Court's analysis and determinations were as "potentially sweeping" as AIC contends (Mot. 4), AIC should have brought its concerns to the Court's

and the parties' attention in a timely-filed amicus brief. AIC's audacious request that this Court "reward" (Motion at 4) it for sitting back and waiting until briefing was complete before offering its views should be rejected.

4.  The Commissioner will be prejudiced if AIC is permitted to file its amicus brief so belatedly out of time. If AIC had complied with the applicable deadlines, the Commissioner would have had a chance to address the organization's arguments in his answering brief. Instead, as it stands, the Commissioner filed his answering brief addressing solely the arguments raised in appellants' opening brief, with no opportunity to respond to AIC's arguments.

5.  The only case that AIC cites for support goes to whether leave should be granted to file an amicus brief where a party opposes the filing, not whether leave should be granted out of time. *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 133 (3d Cir. 2002). In fact, in *Neonatology Associates*, this Court noted that courts freely grant leave to amici seeking to file briefs so long as the briefs are "*timely* and well-reasoned." *Id.* (citing Micael E. Tigar and Jane B. Tigar, Federal

Appeals—Jurisdiction and Practice 181 (3d ed. 1999) (emphasis added)).

6. Although AIC claims that its proposed brief "addresses legal arguments … that neither party does" (Mot. 3), the brief covers territory already addressed by appellants and therefore is unhelpful as well as being untimely. Insofar as AIC seeks to raise legal arguments that neither party made, this Court "generally avoid[s] considering arguments raised solely in amicus briefs 'where[, as here,] the parties are competently represented by counsel.'" *Polansky v. Exec. Health Resources, Inc.*, 17 F.4th 376, 382 n.5 (3d Cir. 2021) (quoting *New Jersey Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 382 n.2 (3d Cir. 2012)). Here, YA Global is represented by competent counsel. Again: The Tax Court opinions on appeal were issued well over a year ago, giving YA Global's counsel plenty of time to identify and mold the arguments that they wished to make.

7. AIC has failed to demonstrate either good cause or lack of prejudice, and the Commissioner therefore requests that the Court reject AIC's request. In the alternative, and without waiving his objections, the Commissioner requests that, if the Court were to permit

AIC to file an amicus brief in this case, that the Commissioner be permitted at least 30 days from the acceptance of the brief in which to respond to the brief. *See* Fed. R. App. P. 29(a)(6).

## CONCLUSION

For the foregoing reasons, AIC's motion for leave to file its amicus curiae brief out of time should be denied. In the alternative, if this Court permits AIC to file its amicus brief, the Commissioner requests that he be permitted be permitted at least 30 days from the acceptance of the brief in which to respond.

Respectfully submitted,

/s/ Kathleen E. Lyon

JENNIFER M. RUBIN          (202) 307-0524
  D.C. Bar No. 473602
KATHLEEN E. LYON           (202) 307-6370
  Ohio Bar No. 0069517
  *Attorneys*
  *Tax Litigation Branch*
  *Civil Division*
  *U.S. Department of Justice*
  *Post Office Box 502*
  *Washington, DC 20044*

  *Attorneys for the Appellee*

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | |
|---|---|
| YA GLOBAL INVESTMENTS, LP f.k.a. Cornell Capital Partners, LP; YORKVILLE ADVISORS, GP LLC, Tax Matters Partner; YA GLOBAL INVESTMENTS, LP, f.k.a. Cornell Capital Partners, LP; YORKVILLE ADVISORS, LLC, Tax Matters Partner, | ) ) ) ) ) ) ) ) |
| Petitioners-Appellants | ) |
| | ) No. 25-1766 |
| v. | ) ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) |
| | ) |
| Respondent-Appellee | ) |

**DECLARATION**

Kathleen E. Lyon, of the Department of Justice, Civil Division, Tax Litigation Branch, Washington, D.C., states as follows:

I am the attorney responsible for drafting the appellee's response to the American Investment Council's motion for leave to file an amicus brief in this case.  The facts in support of, and the reasons for, the Commissioner's request that this Court deny the motion are true and correct to the best of my knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.  Executed this 16th day of March, 2026, in Washington, D.C.

/s/ Kathleen E. Lyon
KATHLEEN E. LYON
*Attorney*

# CERTIFICATE OF COMPLIANCE

### With Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements

Case No.  2025-1766

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because:

[X]  this document contains 1,377 words, excluding accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), *or*

[ ]  this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), which are incorporated by Fed. R. App. P. 27(d)(1)(E), because:

[X]  this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook, *or*

[ ]  this document has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s)   /s/ Kathleen E. Lyon

*Attorney for the Appellee*

Dated: March 16, 2026

11

## CERTIFICATE OF SERVICE

I certify that, on this 16th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the appellate CM/ECF system. I further certify that counsel for all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Kathleen E. Lyon
KATHLEEN E. LYON
*Attorney*